THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH WOLFORD, COMMISSIONER, ETC., APPELLANT, *v.* AMIDON M. STREVELL AND OTHERS, AS REFEREES, ETC., RESPONDENTS.

*Refusal of a commissioner to lay out a highway through inclosed land — when the owner consents, no certificate of a jury is necessary in order to authorize an appeal to the county judge — 1 R. S., 514, secs. 58, 60; 1877, chap. 465 — the referees appointed by the county judge upon such an appeal may meet outside of the town limits.*

CERTIORARI to review the determination of the defendants, as referees appointed by the county judge of Albany county, upon an appeal from an order of the relator, as commissioner of highways of the town of Knox, refusing to lay out a highway through the inclosed land of James Armstrong. Armstrong, the owner of the land, gave his consent, but no jury of freeholders certified that the proposed road was necessary or proper. The commissioner refused to lay out the road. The referees reversed the order of the commissioner.

The court at General Term said : " The relator objects that since no certificate of a jury was obtained, no appeal lies from the commissioner's refusal to lay out the highway. He is mistaken. The Revised Statutes (1 R. S., 514, § 58) prohibit the laying out of a highway through inclosed, improved or cultivated land, without the consent of the owner or occupant, unless certified to be necessary by the oath of twelve reputable freeholders of the town. Section 60, as amended by chapter 465, Laws 1877, prescribes the method

of obtaining the certificate 'in all cases, *  *  * except where the same is altered, opened or laid out with the consent in writing of the owner.' In this case the owner did give his consent in writing, and as the statute now is, no method of obtaining the certificate is given, except in case the consent of the owner is not given.          *          *          *          *          *

"The referees, after their first meeting, had several hearings outside of the town of Knox, and the commissioner alleges that they thereby lost jurisdiction of the matter. The statute gives the referees power to adjourn from time to time. (1 R. S., 519, § 89.)

"The statute requires that the referees shall not be residents of the town in which the proposed highway is situate. While the referees held the matter under advisement, it was inevitable that each one should separately consider the matter outside of the town of Knox, and no reason is perceived why they might not collectively do so. No abuse is alleged ; jurisdiction was obtained pursuant to the statute, and every statutory requirement was observed."

*H. Krum*, for the relator.

*O. M. Hungerford*, for the respondents.

Opinion by LANDON, J.; LEARNED, P. J., and BOARDMAN, J., concurred.

Order of referees affirmed, with fifty dollars costs, allowed by section 2143 of the Code of Civil Procedure, and disbursements.